IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SHENZHEN DONGHONGZE TRADING CO., LTD. et al.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**XEBEC, INC.**<br><br>*Defendant.* | **Civil Action No.: 1:25-cv-796**<br><br>**Honorable Judge Robert Pitman**<br><br>**Magistrate Judge Mark Lane**<br><br>**JURY DEMANDED** |

**DEFENDANT XEBEC, INC.'S REPLY IN SUPPORT OF
DEFENDANT XEBEC, INC.'S MOTION FOR LEAVE TO FILE SECOND
AMENDED ANSWER, COUNTERCLAIMS AND THIRD PARTY
COMPLAINT**

Defendant Xebec, Inc. ("Xebec") respectfully submits this Reply in support of its Motion

for Leave to File Second Amended Answer, Counterclaims, and Third Party Complaint

("Motion"). In support of its Motion, Xebec states as follows:

**INTRODUCTION**

1.      Defendant's amendment serves a single, straightforward purpose: to bring clarity

to this case and ensure that all necessary parties are before the Court so that a final, binding

resolution may be entered. By contrast, Plaintiffs' motive could not be clearer—to obscure,

distract, and divert this Court's attention with red herrings while ignoring the central facts:

Plaintiffs have deliberately used shell entities to evade liability and funneled funds through those

entities to offshore accounts beyond this Court's jurisdiction.

2.      Plaintiffs' conduct in discovery underscores this strategy. They falsely represented

that no affiliate companies existed, when in fact Defendant independently uncovered their

existence through related litigation initiated by Plaintiffs themselves in California (the "Li Lawsuit"). Plaintiffs failed to disclose that litigation as a related case. Having concealed this information, Plaintiffs now suggest that Defendant should be faulted for not earlier discovering the very misconduct Plaintiffs worked to hide.

3.    By challenging personal jurisdiction and venue, Plaintiffs' opposition seeks to reframe the Motion for Leave to Amend into something it is not. The narrow question before the Court is whether amendment should be allowed so that the case may proceed on its merits with all necessary parties. The Court should not allow Plaintiffs to benefit from their concealment or their procedural gamesmanship. To do otherwise would prejudice Defendant, Xebec, and the absent parties whose rights are at stake.

### ARGUMENTS & AUTHORITIES

4.    Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While leave to amend is discretionary, that discretion is limited by Rule 15's bias in favor of granting amendments. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Courts should allow amendment unless the movant acted in bad faith, sought undue delay, caused prejudice, or proposed a futile amendment. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009).

5.    Plaintiffs have not shown bad faith, delay, prejudice, or futility. Any claimed prejudice is of their own making: they submitted false discovery responses and concealed affiliates revealed only through the Li lawsuit. Plaintiffs cannot evade accountability by shifting blame to Defendant. Denying the amendment would only compound the prejudice already caused by their misconduct.

**A.    The Timing of Defendant's Motion for Leave was Not Filed in Bad Faith or With a Dilatory Motive, But Rather as Result of Plaintiffs' Continued and Calculated Discovery Abuses.**

6.    Defendant discovered the Li Lawsuit on or about January 27, 2025. Defendants alerted Plaintiffs to the Li Lawsuit and Defendant's intent to file the initial Motion for Leave on February 7, 2025. Defendants then filed the initial Motion for Leave on February 25, 2025—less than thirty days after discovering the Li Lawsuit.[1] After this case was transferred to this Court, Plaintiffs waited until this Court granted leave to refile the Motion on August 5, 2025, and then filed the Motion on August 13, 2025—eight days later. At no point did Defendant "[sit] for months" and, if anything, Defendant acted with extreme diligence.

7.    Defendant acted swiftly to present the newly uncovered issues to the Court discovered by Defendant in this case. Plaintiffs, on the other hand, affirmatively misrepresented material facts in their discovery responses in order to conceal those issues. Plaintiffs had an affirmative duty under the Federal Rules to provide complete and accurate discovery responses and to supplement them once their misrepresentations were exposed. Instead, they doubled down on the concealment—even after their own clients revealed the true relationships among the entities in their public filings in the Li Lawsuit.

8.    Plaintiffs TRIPLE A, RONGBANG, and R&T BROTHERS explicitly represented to Defendants that they do "not have any parents, subsidiaries, predecessors, and/or affiliated companies."[2] However, the documents filed in the Li Lawsuit describe, in explicit detail, that these three Plaintiffs, along with FUCANG, FUBANG, and SHENZHEN FUCANG, are owned and operated by the same individuals and work together to import and sell infringing products at issue

---

[1] [Dkt. 121-1, Declaration of Blake D. Stovall] at pp. 6-7.

[2] *Id*. at p. 7 (citing Plaintiffs supplemental discovery responses to Interrogatory No. 1).

in this case.[3] Had Plaintiffs disclosed these affiliations as required, Defendant would have

undoubtedly sought to join FUCANG, FUBANG, and SHENZHEN FUCANG long ago. Instead,

Plaintiffs affirmatively stated and **continue to state** that TRIPLE A, RONGBANG, and R&T

BROTHERS do "not have any parents, subsidiaries, predecessors, and/or affiliated companies."

9.      Similarly, Plaintiffs withheld key information about BAIJIAYOUPU in discovery.

There was insufficient evidence available to Defendant prior to the discovery of the Li Lawsuit to

justify joining BAIJIAYOUPU. The Li Lawsuit and the associated public record confirms that

Plaintiffs did not merely coordinate their discovery responses. Rather, they made affirmative

misrepresentations to hide the true nature of their operations and protect BAIJIAYOUPU from

liability.[4]

10.     As soon as it uncovered Plaintiffs' deception, Defendant acted swiftly to join the

additional necessary parties and protect its interests. This Court should not vindicate Plaintiffs'

misconduct,[5] but should grant Defendant leave to amend its counter claims.

### B.      Defendant's Proposed Amendment Does Not "Fundamentally Alter the Case and Force a Do-over of Discovery."

11.     If leave is granted, Defendant's amendment would (1) add necessary affiliates,

owners, operators of Plaintiff entities which directly infringed and continue to infringe on

---

[3] *Id*. at pp. 4-6.

[4] *Id*. at pp. 15-16 (demonstrating the unusually close relationship between Plaintiffs and BAIJIAYOUPU; that Plaintiffs deliver infringing products under BAIJIAYOUPU's trademarks as replacements for their own goods)

[5] Plaintiffs' misconduct is not just limited to discovery. In their Response, Plaintiffs' counsel misrepresented facts regarding proposed Counter-Defendant FUCANG stating, "that FUCANG does not sell any of the Accused Products . . ." Response at pp. 17-18. The undersigned sent a separate communication to Plaintiffs' counsel requesting a correction of this misrepresentation in the filing with actual screenshots from the website included in Plaintiffs' counsel's declaration in support of Plaintiffs' Response. A true and correct copy of the September 11, 2025 correspondences is attached hereto as Exhibit 25. Counsel for Plaintiffs did not respond prior to the filing of this Reply.

Defendant's asserted patents; and (2) add a claim for violations of the Texas Uniform Fraudulent Transfer Act (TUFTA).

12.    Adding new parties accused of patent infringement has no impact on the Plaintiffs whatsoever, much less to a degree that would constitute "undue prejudice." It would certainly not "fundamentally alter the case" or "force a do-over of discovery." Plaintiffs and their corporate officers have admitted in sworn affidavits to selling and directing the sale of the accused products. Plaintiffs' corporate owners have further admitted to setting up shell companies which are expressly and intentionally undercapitalized to defraud Amazon.com and to secret funds. Each of the entities Defendants seek to join are directly engaged in the infringing acts complained of. Corporate owners CIUWEN JIANG and TOM LI are liable under both direct infringement and alter ego theories. *See Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986) (holding that veil piercing is not required for direct infringement); *Wordtech Systems, Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) ("[T]he 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.' ")

13.    Similarly, adding new TUFTA claims would not "fundamentally alter the case" or "force a do-over of discovery." Even if the TUFTA claims are added, the case is still primarily about patent infringement and there is no reason that the new claims would make the discovery that has been done up to this point moot. Instead, the claims are clearly warranted given that, in the Li Lawsuit, Plaintiffs have described on the record and through their filings (1) how they use multiple shell entities to evade Amazon.com's rules;[6] (2) how they use disparate passthrough

---

[6] Motion for Leave at FN 9, p. 18.

entities to evade liability;[7] and (3) how they transfer the revenues generated from selling infringing products from shell entities in the United States to entities in the People's Republic of China, outside of this Court's jurisdiction.[8] Plaintiffs have not disputed—let alone explained—any of these admissions.

      **C.     It Would be Inequitable to Deny the Motion on the Basis of Plaintiffs' Futility of Amendment Argument Given the Complexity of the Issues Raised During the Response and Reply Portions of the Briefing Schedule.**

14.     Plaintiffs introduce a "futility of amendment" argument in the Response. This futility argument asserts that the Motion should be denied because "the proposed pleading would not survive a motion under Rules 12(b)(2), 12(b)(3), or 12(b)(6)."[9] Plaintiffs then devote approximately thirteen pages of their response to arguing that this Court does not have personal jurisdiction over the new parties, venue is improper, and that the proposed pleading fails to state certain patent infringement claims and TUFTA claims.

15.     First, Plaintiffs blatantly mischaracterize the law when they state that "[l]eave to amend is properly denied where the proposed pleading would not survive a motion under Rules 12(b)(2), 12(b)(3), or 12(b)(6)", citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The holding in *Stripling* involving futility is limited to 12(b)(6).[10] *Stripling* specifically holds that "[w]hile this court has not specifically defined 'futility' in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted," which is a reference to Rule 12(b)(6). *Stripling*, 234 F.3d at

---

[7] *Id*. at pp. 6 and 9.

[8] *Id*. at p. 13.

[9] Response at p. 7.

[10] Plaintiffs' characterization of *Stripling* travels beyond creative interpretation as *Stripling* neither addresses nor even mentions Rules 12(b)(2) or 12(b)(3) in the context of Rule 15 amendments. Plaintiffs fail to cite any other case in support of the proposition that futility of amendment under Rule 12(b)(6) encompasses futility of amendment under Rules 12(b)(2) and 12(b)(3).

     *Defendant's Reply In Support of*     
*Motion for Leave to Amend*

873 (reversing and remanding trial court's denial of plaintiff's motion for leave to amend complaint to join second company as a undisclosed principal of defendant).

16.    Second, Plaintiffs' argument ignores the well-established principle that futility analysis under Rule 15 mirrors only Rule 12(b)(6), not jurisdictional or venue challenges. According to the Fifth Circuit, futility under Rule 15 means "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873. Courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* A Rule 12(b)(6) motion tests only the sufficiency of the pleadings, requiring the Court to accept as true all well-pleaded facts and view them in the light most favorable to the pleader. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may also consider documents attached to or incorporated by reference into the complaint. *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

17.    Courts routinely reject attempts to expand the futility inquiry beyond Rule 12(b)(6). In *SB IP Holdings LLC v. Vivint Smart Home, Inc.*, 2022 WL 2761343, at *7–10 (E.D. Tex. July 14, 2022), the court granted leave to amend to add Vivint, Inc. as a defendant where SB IP had relied on Vivint Smart Home's earlier admissions that it was responsible for the accused products. *Id.* Only after litigation began did Vivint Smart Home shift course, asserting it was merely a holding company and that Vivint, Inc. was the proper defendant. *Id.* The court rejected Vivint's futility argument premised on the first-to-file rule, warning that defendants could not use procedural maneuvers as a "bait-and-switch" to shield the true responsible party from liability. *Id.*

18.    Likewise, in *Swanston v. City of Plano*, 2020 WL 1984325, at *5–9 (E.D. Tex. Apr. 27, 2020), the plaintiffs moved to amend after learning—through post-deadline discovery—that the City's Board of Adjustment was a separate legal entity, despite the City's prior Rule 26

disclosures suggesting otherwise. *Id.* The court found good cause under Rule 16(b) and emphasized that the amendment was necessary to avoid dismissal for suing the wrong entity; it also noted that the City would not be prejudiced because the same counsel was likely to represent both the City and the Board, and the facts of the case would remain unchanged. *Id.* Both cases confirm that when a party discovers, often through an opponent's shifting or incomplete disclosures, that additional or different parties must be named to fully and fairly resolve the dispute, courts treat such amendments as not futile but essential to the case.

19.     The same considerations apply here. Plaintiffs initiated this lawsuit, selected the venue (albeit an improper one), and chose the parties, while concealing the existence of necessary additional parties. Defendant, by contrast, is compelled to assert its mandatory counterclaims or risk forfeiture. To deny amendment under these circumstances—based on Plaintiffs' belated futility arguments improperly grounded in jurisdiction and venue—would reward Plaintiffs' concealment and work an inequitable forfeiture of Defendant's claims. Rule 15's liberal standard, and the equitable principles underlying it, compel granting leave to amend in this case.

20.     Finally, it is not even clear what authority Plaintiffs' counsel has to argue these issues on behalf of non-parties, nor does it seem prudent to allow Plaintiff's counsel to do so. For example, Plaintiffs state that "it is not true" that BAIJIAYOUPU operates the website located at <www.ofiyaa.net> and that "[i]n fact, www.ofiyaa.net is not registered or operated by Baijiayoupu." The sole basis for this claim appears to be that the "website claims a company at an address that does not match Shenzhen Baijiayoupu's registered address." Thus, Plaintiffs appear to be trying to argue a Motion to Dismiss on behalf of a non-party and based on second-hand information. In fact, it is entirely possible that the non-parties would prefer to be joined to this

lawsuit instead of a separate lawsuit and denying the Motion on the basis of futility would rob the non-parties of the opportunity to make their own litigation decisions.

WHEREFORE, PREMISES CONSIDERED, Defendant Xebec, Inc. respectfully requests this Court GRANT the Motion and award to Defendant all such other and further relief for which it shows itself just entitled.

Date:  September 17, 2025                          Respectfully submitted,

                                                  By:   /s/ Blake Stovall
                                                        Blake D. Stovall
                                                        TX Bar No. 24081165
                                                        bstovall@barks.law
                                                        Justen S. Barks
                                                        TX Bar No. 24087142
                                                        Jbarks@barks.law
                                                        Daria Adler
                                                        TX Bar. No. 24137921
                                                        dadler@barks.law
                                                        **BARKS PLLC**
                                                        P.O. Box 22171
                                                        Houston, Texas 77227
                                                        (832) 416-1642 (Tel.)

                                                  **ATTORNEYS FOR XEBEC, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025 the foregoing DEFENDANT XEBEC, INC.'S REPLY IN SUPPORT OF DEFENDANT XEBEC, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, COUNTERCLAIMS AND THIRD PARTY COMPLAINT was served on all *pro se* parties and counsel in conformity with the Federal Rules of Civil Procedure through the Court's CM/ECF system.

                                                   /s/  Blake D. Stovall
                                                        Blake D. Stovall