IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOUXIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; RONGBANG ENTERPRISE USA INC; and R&T BROTHERS LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>XEBEC, INC<br>*Defendant*. | Civil Action No.: 1:25-cv-796<br><br>Honorable Judge Robert Pitman<br><br>Magistrate Judge Mark Lane<br><br>JURY DEMANDED |

**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS DEFENDANT'S
THIRD-PARTY COMPLAINT**

Third-Party Defendants FUCANG ENTERPRISES USA INC ("FUCANG"), FUBANG

GROUP USA INC ("FUBANG GROUP"), TOM LI and CUIWEN JIANG (collectively "Third-

Party Defendants"), by and through their undersigned counsel hereby moves this Court to dismiss

1

Defendant Xebec's ("Xebec") Third-Party Complaint [Dkt. 133] ("TPC") for lacking personal jurisdiction and improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3).

## I. INTRODUCTION

On December 1, 2025, Xebec filed the Counterclaims and the Third-Party Complaint against Third-Party Defendants for infringement of the U.S. Patent No. 9,395,757 (the "'757 Patent") and of U.S. Patent No. 10,809,762 ("the '762 Patent," and collectively with the '757 Patent, hereinafter the "Asserted Patents"), and Violation of the Texas Uniform Fraudulent Transfer Act. Dkt. 133.

Xebec's jurisdiction and venue allegations as to these domestic Third-Party Defendants are conclusory and improperly lumped. The TPC asserts, in a single paragraph, that the Third-Party Defendants "transacted business" in this District, "derived substantial revenue" from accused products offered for sale and/or sold here, and have "minimum contacts" with Texas, but it pleads no specific facts tying any individual defendant's conduct to Texas. Likewise, Xebec's venue allegations rely on general venue notions and do not plead facts satisfying the patent venue requirements of 28 U.S.C. § 1400(b) for these domestic defendants. Accordingly, the Court should dismiss the TPC against FUCANG, FUBANG GROUP, TOM LI, and CUIWEN JIANG pursuant to Rules 12(b)(2) and 12(b)(3).

## II. ARGUMENT

### A. The Third-Party Complaint Should Be Dismissed for Lack of Personal Jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. The plaintiff has the burden of establishing jurisdiction. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). When a court assesses a non-resident defendant's challenge to personal jurisdiction without holding an evidentiary

hearing, the plaintiff bears the burden of presenting "sufficient facts" for a prima facie case of personal jurisdiction. *Thiam v. T-Mobile USA, Inc*., No. 4:19-CV-00633, 2021 WL 1550814, at *1 (E.D. Tex. Apr. 20, 2021); *Celgard, LLC v. SK Innovation Co., Ltd*., 792 F.3d 1373, 1378 (Fed. Cir. 2015).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Genetic Implant Sys., Inc. v. Core–Vent Corp*., 123 F.3d 1455, 1458 (Fed.Cir.1997) (*citing Burger King Corp. v. Redzewicz*, 471 U.S. 462, 471–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Because the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir.2003). The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established minimum contacts in the forum state." *Burger King Corp*., 471 U.S. at 474.

> 1. **Xebec failed to Establish the General Personal Jurisdiction over Third-Party Defendants.**

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliation with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Here, there is no dispute that FUCANG and FUBANG GROUP are California corporations, and TOM LI and CUIWEN JIANG are California residents. *See* Dkt. 133, ¶¶93-94, 98-99. Xebec also did not present any allegation in support the exercise of general jurisdiction over Third-Party

Defendants in the TPC. *See* Dkt. 133. Thus, Xebec failed to allege the general personal jurisdiction over Third-Party Defendants.

### 2. Xebec Failed to Demonstrate the Specific Personal Jurisdiction over Third-Party Defendants.

A district court may exercise specific personal jurisdiction "only when the defendant has constitutionally sufficient 'minimum contacts' with the forum, *Burger King Corp.*, 471 U.S. at 474. "Minimum contacts" may give rise to either general or specific jurisdiction. General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed.Cir.2009). The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed.Cir.2010).

Here, Xebec failed to demonstrate the specific personal jurisdiction over any of the Third-Party Defendants.

First, Xebec's allegation cannot establish the personal jurisdiction over FUCANG. Xebec alleges that FUCANG sells one or more Accused Products on Amazon under the seller name "PPL Technology Supply" and the brand "JoyReal." *See* Dkt. 133, ¶¶181-182. However, "[m]erely running a website that is accessible in all 50 states, but that does not specifically target the forum state, is not enough to create the "minimum contacts" necessary to establish personal jurisdiction in the forum state under *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)." *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 785 (5th Cir. 2021). The defendant must take the additional step of targeting the forum state in a manner that reflects

"purposeful availment" of the opportunity to do business in that state. *Id*. the Fifth Circuit further held that "in order to demonstrate that its trademark infringement and unfair competition claims arose out of sales that Jet directed at Texas, [plaintiff] was required to show that those sales were to customers who could have been potentially deceived by the alleged infringement." *Getagadget, L.L.C. v. Jet Creations Inc*., No. 19-51019, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022). In the TPC, Xebec failed to show FUCANG has ever sold any Accused Products to this district. Thus, the TPC against FUCANG should be dismissed for lacking personal jurisdiction.

Second, Xebec's allegation also cannot establish the personal jurisdiction over FUBANG GROUP. Xebec alleges that FUBANG GROUP is "an intermediary to purchase and import infringing auxiliary screen mounting systems." *See* Dkt. 133, ¶192. Xebec further alleges that FUBANG GROUP imports the Accused Products and distributes the Accused Products to the Amazon inventory. *Id*., ¶¶204-205. However, Xebec failed to allege any facts regarding FUBANG GROUP's purposefully directed activities at residents of this forum. Xebec also failed to allege FUBANG GROUP has sold or shipped any Accused Products into this forum. Thus, the TPC against FUBANG GROUP should be dismissed for lacking personal jurisdiction.

Third, Xebec also failed to establish the personal jurisdiction over TOM LI and CUIWEN JIANG. Xebec lumps the individual Third-Party Defendants with the other Third-Party Defendants and recites that they "transacted business," "derived substantial revenue," and have "minimum contacts" with Texas. *See* Dkt. 133, ¶103. However, Xebec failed to present any specific facts in support of this conclusory statement. Thus, Xebec failed to establish the personal jurisdiction over TOM LI and CUIWEN JIANG. *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (affirming dismissal where plaintiff's allegations were pleaded "in a conclusory fashion without meaningful factual content"). Personal jurisdiction over corporate officers requires specific allegations of

personal involvement in forum-directed conduct, not merely ownership or control of corporate entities. Xebec also alleges that TOM LI and CUIWEN JIANG are the owners of some of the plaintiffs. *Id.*, ¶¶98-99. In general, corporate officers and owners will not be vicariously and personally liable for the infringing acts committed by employees of the corporation. 2 Annotated Patent Digest § 10:28. "Personal liability under § 271(a), however, requires sufficient evidence to justify piercing the corporate veil." A*l-Site Corp. v. VSI Int'l, Inc*., 174 F.3d 1308, 1331 (Fed. Cir. 1999) The Fifth Circuit has held that there are three categories which a court may pierce the corporate veil: (1) the corporation is the alter ego of its owners and/or shareholders; (2) the corporation is used for illegal purposes; and (3) the corporation is used as a sham to perpetrate a fraud." *Western Horizontal Drilling, Inc. v. Jonnet Energy Corp*., 11 F.3d 65, 67 (5th Cir. 1994). Alter ego liability only applies when there is "such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice. *L.B. Benon Fam. Ltd. v. Wells Fargo Bank, N.A*., No. 21-cv-01115-XR, 2022 WL 16825204, at *3 (W.D. Tex. Nov. 7, 2022). Here, Xebec's allegations failed to satisfy the requirement for piecing the corporate veil. Therefore, this Court has no personal jurisdiction over TOM LI and CUIWEN JIANG.

### B.  The Venue is Improper.

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). The plaintiff bears the burden to show venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). For any domestic defendant, venue lies only (1) where the defendant resides (for a natural person, domicile; for a corporation,

state of incorporation), or (2) where the defendant committed acts of infringement and has a regular and established place of business—which requires a physical place in the district that is regular and established and is the defendant's place (under the defendant's control). *In re Google LLC*, 949 F.3d 1338, 1343–48 (Fed. Cir. 2020).

Xebec's venue allegations as to these Third-Party Defendants assert only that each "is independently subject to the Court's personal jurisdiction" and is a "necessary party." That is not the test for venue in a patent case. *TC Heartland* makes clear that § 1400(b) is exclusive, and general venue notions or "necessary party/common enterprise" theories cannot substitute for § 1400(b)'s requirements. 581 U.S. at 262–66. Moreover, as argued above, Xebec has not pleaded facts establishing personal jurisdiction over these Third-Party Defendants. And it has not pleaded—much less carried its burden to show—that any Third-Party Defendant "has committed acts of infringement and has a regular and established place of business" in this District. 28 U.S.C. § 1400(b).

Xebec's Third-Party Complaint also asserts a non-patent claim under the Texas Uniform Fraudulent Transfer Act. Even if venue for that claim were analyzed under 28 U.S.C. § 1391 rather than § 1400(b), venue would still be improper as to these Third-Party Defendants. The Third-Party Complaint does not allege that any substantial part of the events or omissions giving rise to the TUFTA claim occurred in this District, nor does it allege that any of the Third-Party Defendants reside in this District for purposes of § 1391. Accordingly, venue is improper as to the non-patent claim as well.

Accordingly, venue is improper in this District.

### III.   CONCLUSION

For the foregoing reasons, Third-Party Defendants respectfully request that this Court grant their Motion and dismiss Defendant's Third-Party Complaint with prejudice.

Respectfully submitted,

| Date: January 16, 2026 | /s/ Wei Wang |
|---|---|
| | Wei Wang, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>wei.wang@glacier.law<br>(212) 729-5073<br>***Attorney for Third Party Defendants*** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this January 16, 2026, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: January 16, 2026                                  /s/ Wei Wang
                                                        Wei Wang