**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOUXIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; RONGBANG ENTERPRISE USA INC; and R&T BROTHERS LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>XEBEC, INC<br>*Defendant*. | Civil Action No.: 1:25-cv-796<br><br>Honorable Judge Robert Pitman<br><br>Magistrate Judge Mark Lane<br><br>JURY DEMANDED |

## PLAINTIFFS' ANSWER TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

Plaintiffs, SHENZHEN DONGHONGZE TRADING CO., LTD.;

SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI; SHEN ZHEN SHI JIA

CAI LI KE JI YOU XIAN GONG SI;

SHENZHENSHIWEIDONGZHIXINKEJIYOUXIANGONGSI;

SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU

XIAN    GONG    SI;    SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI;

DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI;                    and

ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI (collectively "Plaintiffs"), by and

through their counsel, respectfully files their Answer in response to Defendant Xebec's

("Defendant") First Amended Counterclaims [Dkt. 155] as follows:

## PRELIMINARY STATEMENT

67.    Plaintiffs admit only that Xebec purports to assert counterclaims against Plaintiffs.

Plaintiffs deny that Xebec is entitled to any relief on any such counterclaims.

68.    Denied.

69.    Denied.

## NATURE AND BASIS OF ACTION

70.    Plaintiffs admit that this paragraph purports to assert counterclaims under the patent

laws of the United States, but deny that Xebec is entitled to any injunctive relief, damages,

attorneys' fees, or any other relief.

## THE PARTIES

71.    Plaintiffs lack knowledge or information sufficient to form a belief as to the

allegations regarding Xebec's organization and principal place of business, and therefore deny

them.

### Plaintiff/Counter-Defendant
### SHENZHEN DONGHONGZE TRADING CO., LTD.
### ("DONGHONGZE")

72.    Admitted.

73.    Admitted.

*Plaintiff/Counter-Defendant*
SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI
("PENGLING")

74.    Admitted.

75.    Admitted.

*Plaintiff/Counter-Defendant*
SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI
("JIA CAI")

76.    Admitted.

77.    Admitted.

*Plaintiff/Counter-Defendant*
SHENZHEN WEIDONGZHIXIN TECHNOLOGY CO., LTD.
("WEIDONG")

78.    Admitted.

79.    Admitted.

*Plaintiff/Counter-Defendant*
SHENZHENSHILAIBOKEJIYOUXIANGONGSI
("LAIBO")

80.    Admitted.

81.    Admitted.

*Plaintiff/Counter-Defendant*
SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI
("TAI SEN")

82.    Admitted.

83.    Admitted.

*Plaintiff/Counter-Defendant*
SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI
("MAO HONG")

84.    Admitted.

85.    Admitted.

<u>Plaintiff/Counter-Defendant</u>
<u>DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI</u>
<u>("DONGGUAN")</u>

86.    Admitted.

87.    Admitted.

<u>Plaintiff/Counter-Defendant</u>
<u>ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI</u>
<u>("ZHAOTONG")</u>

88.    Admitted.

89.    Admitted.

<u>Plaintiff/Counter-Defendant</u>
<u>TRIPLE A INTERNATIONAL TRADING INC.</u>
<u>('TRIPLE A")</u>

90.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

<u>RONGBANG ENTERPRISE USA INC</u>
<u>("RONGBANG")</u>

91.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

<u>Plaintiff/Counter-Defendant</u>
<u>R&T BROTHERS LLC</u>
<u>("R&T BROTHERS")</u>

92.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

<u>Third-Party Defendant</u>
<u>FUCANG ENTERPRISES USA INC.</u>
<u>("FUCANG")</u>

93.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Third-Party Defendant
FUBANG GROUP USA INC.
("FUBANG GROUP")

94.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Third-Party Defendant
SHENZHEN FUCANG INTERNATIONAL SUPPLY CHAIN
("SHENZHEN FUCANG")

95.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Third-Party Defendant
SHENZHEN BAIJIAYOUPU TECHNOLOGY CO. LTD.
("BAIJIAYOUPU")

96.     Admitted.

97.     Admitted.

Third-Party Defendant
TOM LI

98.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Third-Party Defendant
CUIWEN JIANG

99.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

JURISDICTION AND VENUE

100.     Plaintiffs admit that this Court has subject-matter jurisdiction over the patent infringement counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338; otherwise, Plaintiffs deny any remaining allegations in this paragraph.

101.     Plaintiffs admit that they filed and are prosecuting this action, and that they are subject to this Court's jurisdiction for purposes of this case; otherwise, Plaintiffs deny any remaining allegations in this paragraph.

102.     Plaintiffs admit that this Court has personal jurisdiction over the counterclaims only for the limited purposes of this action and deny any remaining allegations in this paragraph.

103.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding personal jurisdiction over any Third-Party Defendants, and therefore deny them.

104.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit only that they are entities organized under the laws of jurisdictions outside the United States, and otherwise deny the allegations in this paragraph.

## **FACTUAL BACKGROUND**

105.     This paragraph contains no allegation requiring a response. To the extent a response is deemed required, Plaintiffs admit only that Xebec purports to incorporate prior allegations, and otherwise deny.

### XEBEC and Its Innovative Workplace Technology

106.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

107.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

108.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

109.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

110.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

111.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

112.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

113.     Plaintiffs admit that the referenced patent exists and speaks for itself. Plaintiffs deny any allegation that characterizes the patent's validity, enforceability, or legal effect beyond the face of the patent.

114.    Plaintiffs admit that the referenced patent exists and speaks for itself. Plaintiffs deny any allegation that characterizes the patent's validity, enforceability, or legal effect beyond the face of the patent.

115.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding ownership, assignments, or chain of title of the referenced patent(s), and therefore deny them.

116.    Plaintiffs lack knowledge or information sufficient to form a belief as to the alleged acquisition of rights from Dovetail Technology LTD., and therefore deny the allegations in this paragraph.

117.    Plaintiffs admit that the referenced patent exists and speaks for itself. Plaintiffs deny any allegation that characterizes the patent's validity, enforceability, or legal effect beyond the face of the patent.

118.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations concerning reexamination proceedings, cited prior art, or USPTO actions referenced in this paragraph, and therefore deny them.

119.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations concerning reexamination proceedings, cited prior art, or USPTO actions referenced in this paragraph, and therefore deny them.

120.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations concerning reexamination proceedings, cited prior art, or USPTO actions referenced in this paragraph, and therefore deny them.

121.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations regarding ownership, assignments, or chain of title of the referenced patent(s), and therefore deny them.

Plaintiffs/Counter-Defendants' and Third-Party Defendants' Infringing and Unlawful Conduct

122.     Plaintiffs admit that certain Plaintiffs sell auxiliary screen mounting products on Amazon under certain brand names, including CIDETTY, FICIHP, Kasorey, WESTHOD, Teamgee, and KEFEYA. Plaintiffs deny that Plaintiffs are manufacturers of any such products. Plaintiffs further deny that any products sold by Plaintiffs are infringing or otherwise unlawful, and deny any remaining allegations in this paragraph.

123.     Plaintiffs admit that certain Plaintiffs have sold auxiliary screen mounting products on Amazon, and that such products have been identified in the Counterclaims as "the Accused Products." Plaintiffs deny that any such products infringe any valid and enforceable claim of the '757 Patent or the '762 Patent, deny any allegation that Plaintiffs are liable under any theory, and otherwise deny the remaining allegations in this paragraph, including any characterization of Exhibit E.

124.     Plaintiffs admit that DONGHONGZE sells products on Amazon under the seller name "CIDETTY Electronics" with seller ID "A1H6O1WIK4G7U7." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

125.     Plaintiffs admit that DONGHONGZE sells or has sold products on Amazon under ASINs "B09HV4MQHZ" and "B09HV6J95V." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

126.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by DONGHONGZE. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

127.    Plaintiffs admit that DONGHONGZE uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

128.    Plaintiffs admit that PENGLING sells products on Amazon under the seller name "FICIHP" with seller ID "A2QHBY23WKIJFI." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

129.    Plaintiffs admit that PENGLING sells or has sold products on Amazon under ASINs "B09GJN716F" and "B0CCR523ZM." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

130.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by PENGLING. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

131.    Plaintiffs admit that PENGLING uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

132.    Plaintiffs admit that JIA CAI sells products on Amazon under the seller name "KasoreyUS" with seller ID "A37YGMD5GVDTJ7." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

133.    Plaintiffs admit that JIA CAI sells or has sold products on Amazon under ASIN "B0C5CGKRTH." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

134.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by JIA CAI. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

135.    Plaintiffs admit that JIA CAI uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

136.    Plaintiffs admit that WEIDONG sells products on Amazon under the seller name "WESTHOD US" with seller ID "A34W3FKE41Q7T6." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

137.    Plaintiffs admit that WEIDONG sells or has sold products on Amazon under ASIN "B08ZLVK881." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

138.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by WEIDONG. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

139.    Admitted.

140.    Plaintiffs admit that WEIDONG uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

141.    Plaintiffs admit that LAIBO sells products on Amazon under the seller name "LAIBO US" with seller ID "A1HE3H7YCXTTQC." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

142.    Plaintiffs admit that LAIBO sells or has sold products on Amazon under ASINs "B09NLKWDMP" and "B0BW3W3THS." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

143.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by LAIBO. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

144.    Plaintiffs admit that LAIBO uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

145.    Plaintiffs admit that TAI SEN sells products on Amazon under the seller name "TAISENAO-US" with seller ID "A329F627Y2ZKIM." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

146.    Plaintiffs admit that TAI SEN sells or has sold products on Amazon under ASINs "B09NLKWDMP" and "B0BW3W3THS." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

147.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by TAI SEN. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

148.     Plaintiffs admit that TAI SEN uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

149.     Plaintiffs admit that MAO HONG sells products on Amazon under the seller name "Maohongsheng-US" with seller ID "A6HNH5MEZPXAA." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

150.     Plaintiffs admit that MAO HONG sells or has sold products on Amazon under ASIN "B0BW3W3THS." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

151.     Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by MAO HONG. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

152.     Plaintiffs admit that MAO HONG uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

153.     Plaintiffs admit that DONGGUAN sells products on Amazon under the seller name "KEFEYA US OFFICIAL" with seller ID "AAGY69TCAKMLK." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

154.     Plaintiffs admit that DONGGUAN sells or has sold products on Amazon under ASINs "B0B7JTHHP1", "B0B7JR653V", and "B0C4SR4RB9." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

155.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by DONGGUAN. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

156.    Plaintiffs admit that DONGGUAN uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

157.    Plaintiffs admit that ZHAOTONG sells products on Amazon under the seller name "ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI" with seller ID "A1SDREI4SDVD5P." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

158.    Plaintiffs admit that ZHAOTONG sells or has sold products on Amazon under ASINs "B0C4SR4RB9", "B0B7JR653V", and "B0B7JTHHP1." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

159.    Plaintiffs admit that BAIJIAYOUPU manufactures and/or supplies auxiliary screen mounting system products sold by ZHAOTONG. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

160.    Plaintiffs admit that ZHAOTONG uses SHENZHEN MEITONG SUPPLY CHAIN CO., LTD. as a logistics service provider for shipping products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

161.    Plaintiffs admit that BAIJIAYOUPU supplies, assembles, and/or manufactures auxiliary screen mounting system products. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

162.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

163.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

164.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

165.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

TOM LI AND CUIWEN JIANG - JOINT INFRINGING ENTERPRISE

**WAREHOUSE AND FORMATION OF COMPANIES**

166.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

167.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

168.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

169.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

170.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

171.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

172.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

173.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

174.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

175.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

176.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

177.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

178.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

179.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

180.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

181.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

182.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

183.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

184.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

185.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

186.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

187.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

188.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

189.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

190.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

191.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

192.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

193.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

194.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

195.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

196.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

197.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

198.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

199.    Plaintiffs admit that Liang Qiao is TRIPLE A's manager. Plaintiffs lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore deny them.

200.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

201.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

202.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

203.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

204.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

205.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

206.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

207.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

208.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

**OPERATION OF THE ENTITIES**

209.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

210.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

211.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

212.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

213.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

214.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

215.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

**TRANSFERS**

216.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

217.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

218.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

219.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

220.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

221.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

222.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

223.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

<u>COUNT I: INFRINGEMENT OF '762 PATENT, 35 U.S.C. § 271(a)</u>

224.    This paragraph contains no new allegation requiring a response. To the extent a response is required, Plaintiffs deny that Xebec is entitled to relief on any claim.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

<u>COUNT II: INFRINGEMENT OF '757 PATENT, 35 U.S.C. § 271(a)</u>

232.    This paragraph contains no new allegation requiring a response. To the extent a response is required, Plaintiffs deny that Xebec is entitled to relief on any claim.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

<u>COUNT III: VIOLATION OF THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT,</u>
<u>Tex. Bus. & Com. Code §§ 24.001 et seq.</u>

240.    This paragraph contains no new allegation requiring a response. To the extent a response is required, Plaintiffs deny that Xebec is entitled to relief on any claim.

241.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

242.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

243.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

244.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

245.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

246.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

247.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

COUNT IV: PIERCING CORPORATE VEIL AGAINST TOM LI AND CUIWEN JIANG

248.    This paragraph contains no new allegation requiring a response. To the extent a response is required, Plaintiffs deny that Xebec is entitled to relief on any claim.

249.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

250.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

251.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

252.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

253.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

254.    Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

With respect to Xebec's Prayer for Relief, Plaintiffs deny that Defendant is entitled to the judgment and relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Xebec's Amended Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Plaintiffs have not infringed, directly or otherwise, any valid and enforceable claim of the '757 Patent or the '762 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity / Unenforceability)

One or more claims of the '757 Patent and/or the '762 Patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of Title 35, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (No Willfulness / No Enhanced Damages)

Any alleged infringement was not willful. Xebec is not entitled to enhanced damages under 35 U.S.C. § 284.

## FIFTH AFFIRMATIVE DEFENSE
### (No Exceptional Case / Fees and Costs)

This case is not exceptional within the meaning of 35 U.S.C. § 285, and Xebec is not entitled to attorneys' fees or non-taxable costs.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages – 35 U.S.C. § 286)

To the extent Xebec is entitled to any damages (which Plaintiffs deny), such damages are limited by 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark / Lack of Notice – 35 U.S.C. § 287)

Xebec failed to properly mark products practicing the '757 Patent and/or the '762 Patent as required by 35 U.S.C. § 287 and/or failed to provide actual notice. Accordingly, Xebec is barred from recovering pre-notice damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

Xebec is not entitled to injunctive relief because it cannot satisfy the requirements for such relief, including irreparable harm, inadequacy of monetary damages, balance of hardships, and public interest.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver / Equitable Estoppel / Acquiescence)

Xebec's claims are barred, in whole or in part, by waiver, equitable estoppel, and/or acquiescence.

## TENTH AFFIRMATIVE DEFENSE
### (No Fraudulent Transfer / Failure of TUFTA Elements)

Plaintiffs deny that any fraudulent transfer occurred. Xebec cannot establish the elements required for relief under the Texas Uniform Fraudulent Transfer Act, including the existence of a

qualifying "transfer" of an "asset," intent to hinder/delay/defraud, lack of reasonably equivalent value, or insolvency, as applicable.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith / Reasonably Equivalent Value)

To the extent any transfer is proven (which Plaintiffs deny), such transfer was made in good faith and for reasonably equivalent value and is not avoidable under TUFTA, and/or any available remedy is limited accordingly.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Xebec's TUFTA claim is barred, in whole or in part, by the applicable statute of limitations and/or repose periods.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Recoverable Injury / No Entitlement to Remedy)

Xebec cannot show entitlement to the relief sought under TUFTA, including because it cannot show a recoverable injury and/or because the requested remedies exceed those authorized by law or are otherwise unavailable on the facts alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Xebec's claims for infringement are barred, in whole or in part, by prosecution history estoppel.

Date: March 13, 2026                    /s/ Wei Wang
                                        Wei Wang, Esq.
                                        GLACIER LAW LLP
                                        41 Madison Avenue, Suite 2529
                                        New York, NY 10010

wei.wang@glacier.law
(212) 729-5073
***Attorney for Plaintiffs/Counter-Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this March 13, 2026, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.


Date: March 13, 2026                    /s/ Wei Wang
                                        Wei Wang