| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGK EJIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYO UXIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGON GSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYO UXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKE JIYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOU XIANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; RONGBANG ENTERPRISE USA INC; and R&T BROTHERS LLC <br><br><br>*Plaintiffs*, <br><br>v. <br><br>XEBEC, INC <br>*Defendant*. | Civil Action No.: 1:25-cv-796 <br><br> Honorable Judge Robert Pitman <br><br> Magistrate Judge Mark Lane <br><br> JURY DEMANDED |

## THIRD-PARTY DEFENDANTS' FUCANG ENTERPRISES USA INC, FUBANG GROUP USA INC, TOM LI AND CUIWEN JIANG ANSWER TO DEFENDANT'S THIRD-PARTY COMPLAINT

Third-Party Defendants FUCANG ENTERPRISES USA INC, FUBANG GROUP USA

INC, TOM LI and CUIWEN JIANG (collectively "Third-Party Defendants"), by and through their

counsel, respectfully file their Answer in response to Defendant Xebec's ("Defendant") Amended Third-Party Complaint [Dkt. 155] as follows:

## PRELIMINARY STATEMENT

67. Third-Party Defendants admit only that Xebec purports to assert Third-Party Complaint against Third-Party Defendants. Third-Party Defendants deny that Xebec is entitled to any relief on any such Third-Party Complaint.

68. Denied.

69. Denied.

## NATURE AND BASIS OF ACTION

70. Third-Party Defendants admit that this paragraph purports to assert counterclaims under the patent laws of the United States, but deny that Xebec is entitled to any injunctive relief, damages, attorneys' fees, or any other relief.

## THE PARTIES

71. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's organization and principal place of business, and therefore deny them.

### Plaintiff/Counter-Defendant
### SHENZHEN DONGHONGZE TRADING CO., LTD.
### ("DONGHONGZE")

72. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

73. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

### Plaintiff/Counter-Defendant
### SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI

("PENGLING")

74.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

75.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI
("JIA CAI")

76.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

77.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
SHENZHEN WEIDONGZHIXIN TECHNOLOGY CO., LTD.
("WEIDONG")

78.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

79.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
SHENZHENSHILAIBOKEJIYOUXIANGONGSI
("LAIBO")

80.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

81.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI
("TAI SEN")

82.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

83.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI
("MAO HONG")

84.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

85.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI
("DONGGUAN")

86.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

87.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

Plaintiff/Counter-Defendant
ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI
("ZHAOTONG")

88.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

89.    Third-Party Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

<u>Plaintiff/Counter-Defendant</u><br><u>TRIPLE A INTERNATIONAL TRADING INC.</u><br>('TRIPLE A")

90.    Admitted.

<u>RONGBANG ENTERPRISE USA INC</u><br>("RONGBANG")

91.    Admitted.

<u>Plaintiff/Counter-Defendant</u><br><u>R&T BROTHERS LLC</u><br>("R&T BROTHERS")

92.    Admitted.

<u>Third-Party Defendant</u><br><u>FUCANG ENTERPRISES USA INC.</u><br>("FUCANG")

93.    Admitted.

<u>Third-Party Defendant</u><br><u>FUBANG GROUP USA INC.</u><br>("FUBANG GROUP")

94.    Admitted.

<u>Third-Party Defendant</u><br><u>SHENZHEN FUCANG INTERNATIONAL SUPPLY CHAIN</u><br>("SHENZHEN FUCANG")

95.    Admitted.

<u>Third-Party Defendant</u><br><u>SHENZHEN BAIJIAYOUPU TECHNOLOGY CO. LTD.</u><br>("BAIJIAYOUPU")

96.    Admitted.

97.     Admitted.

Third-Party Defendant
TOM LI

98.     Admitted.

Third-Party Defendant
CUIWEN JIANG

99.     Admitted.

JURISDICTION AND VENUE

100.    Third-Party Defendants admit that this Court has subject-matter jurisdiction over the patent infringement counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338; otherwise, Third-Party Defendants deny any remaining allegations in this paragraph.

101.    Paragraph 101 is directed to Plaintiffs/Counterclaim-Defendants and does not allege any facts against Third-Party Defendants. Accordingly, no response is required. To the extent a response is deemed required, Third-Party Defendants deny any implication that they have consented to personal jurisdiction in this Court.

102.    Paragraph 102 is directed to Plaintiffs/Counterclaim-Defendants and does not allege any facts against Third-Party Defendants. Accordingly, no response is required. To the extent a response is deemed required, Third-Party Defendants deny any implication that they have consented to personal jurisdiction in this Court.

103.    Denied.

104.    Denied.

**FACTUAL BACKGROUND**

105.     This paragraph contains no allegation requiring a response. To the extent a response is deemed required, Third-Party Defendants admit only that Xebec purports to incorporate prior allegations, and otherwise deny.

<u>XEBEC and Its Innovative Workplace Technology</u>

106.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

107.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

108.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

109.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

110.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

111.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

112.    Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Xebec's history, business, products, or alleged innovation, and therefore deny them.

113.    Third-Party Defendants admit that the referenced patent exists and speaks for itself. Third-Party Defendants deny any allegation that characterizes the patent's validity, enforceability, or legal effect beyond the face of the patent.

114.    Third-Party Defendants admit that the referenced patent exists and speaks for itself. Third-Party Defendants deny any allegation that characterizes the patent's validity, enforceability, or legal effect beyond the face of the patent.

115.    Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding ownership, assignments, or chain of title of the referenced patent(s), and therefore deny them.

116.    Third-Party Defendants lack knowledge or information sufficient to form a belief as to the alleged acquisition of rights from Dovetail Technology LTD., and therefore deny the allegations in this paragraph.

117.    Third-Party Defendants admit that the referenced patent exists and speaks for itself. Third-Party Defendants deny any allegation that characterizes the patent's validity, enforceability, or legal effect beyond the face of the patent.

118.    Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning reexamination proceedings, cited prior art, or USPTO actions referenced in this paragraph, and therefore deny them.

119. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning reexamination proceedings, cited prior art, or USPTO actions referenced in this paragraph, and therefore deny them.

120. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations concerning reexamination proceedings, cited prior art, or USPTO actions referenced in this paragraph, and therefore deny them.

121. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding ownership, assignments, or chain of title of the referenced patent(s), and therefore deny them.

Plaintiffs/Counter-Defendants' and Third-Party Defendants' Infringing and Unlawful Conduct

122. Third-Party Defendants admit that certain Third-Party Defendants sell auxiliary screen mounting products on Amazon under certain brand names, including Alecewey, BQAA, and CopGain. Third-Party Defendants deny that Third-Party Defendants are manufacturers of any such products. Third-Party Defendants further deny that any products sold by Third-Party Defendants are infringing or otherwise unlawful, and deny any remaining allegations in this paragraph.

123. Third-Party Defendants admit that certain Third-Party Defendants have sold auxiliary screen mounting products on Amazon, and that such products have been identified in the Counterclaims as "the Accused Products." Plaintiffs deny that any such products infringe any valid and enforceable claim of the '757 Patent or the '762 Patent, deny any allegation that Plaintiffs are liable under any theory, and otherwise deny the remaining allegations in this paragraph, including any characterization of Exhibit E.

124.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

125.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

126.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

127.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

128.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

129.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

130.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

131.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

132.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

133.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

134.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

135.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

136.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

137.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

138.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

139.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

140.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

141.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

142.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

143.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

144.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

145.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

146. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

147. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

148. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

149. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

150. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

151. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

152. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

153. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

154. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

155. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

156. Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

157.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

158.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

159.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

160.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

161.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

162.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

163.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

164.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

165.     Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore deny them.

### TOM LI AND CUIWEN JIANG - JOINT INFRINGING ENTERPRISE

**WAREHOUSE AND FORMATION OF COMPANIES**

166.     Admitted.

167.     Admitted.

168.     Admitted.

169.     Admitted.

170.     Admitted.

171.     Admitted.

172.     Admitted.

173.     Third-Party Defendants admit that TRIPLE A transitioned to selling products imported from China on Amazon and that Amazon seller accounts were operated under the names TRIPLE A, FUCANG, R&T BROTHERS, and RONGBANG to sell the Accused Products under various trademarks. Third-Party Defendants deny any allegation that the products were "infringing," and otherwise deny the remaining allegations.

174.     Admitted.

175.     Admitted.

176.     Admitted.

177.     Third-Party Defendants admit that R&T BROTHERS sells products on Amazon under the seller name "CopGain Store-US" and seller ID "A1CTJUZMXXT9PE." Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

178.     Third-Party Defendants admit that R&T BROTHERS's first sale of the Accused Products was on June 20, 2022. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

179.     Third-Party Defendants admit only that this paragraph appears to contain an error because it states "approximately fourteen percent (11%)," and Third-Party Defendants are unable to determine which figure Defendants intend to allege. Third-Party Defendants otherwise deny the

allegations in this paragraph, including any allegation or characterization that any products are "infringing."

180.    Admitted.

181.    Admitted.

182.    Third-Party Defendants admit that FUCANG sells products on Amazon under the seller name "PPL Technology Supply" and seller ID "A1XIN809VFHJIC." Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

183.    Third-Party Defendants admit that FUCANG sells products on Amazon under the brand "JoyReal." Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

184.    Admitted.

185.    Third-Party Defendants admit that RONGBANG sells products on Amazon under the seller name "BQAA US Store" and seller ID "A3ZB0VPFL7KAX." Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

186.    Third-Party Defendants admit that RONGBANG sells products on Amazon under the brand "BQAA." Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

187.    Third-Party Defendants admit that approximately twelve percent (12%) of RONGBANG's total sales of the Accused Products was directed to Texas residents between 2022 and 2024. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

188.     Third-Party Defendants admit that TRIPLE A sells products on Amazon under the seller name "US-Aleceway" and seller ID "AK0TMQMYI0VAM." Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

189.     Third-Party Defendants admit that TRIPLE A sells products on Amazon under the brand "Aleceway." Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

190.     Third-Party Defendants admit that approximately twelve percent (12%) of TRIPLE A's total sales of the Accused Products was directed to Texas residents between 2021 and 2024. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

191.     Admitted.

192.     Admitted.

193.     Third-Party Defendants admit only that Amazon has policies and terms applicable to sellers on its platform. Third-Party Defendants otherwise deny the remaining allegations in this paragraph.

194.     Admitted.

195.     Denied.

196.     Denied.

197.     Denied.

198.     Denied.

199.     Third-Party Defendants admit that FUBANG GROUP holds certain Amazon seller accounts associated with TRIPLE A, FUCANG, R&T BROTHERS, and RONGBANG. Plaintiffs

deny that any conduct was in violation of Amazon's policies, terms, or conditions, and deny any remaining allegations in Paragraph 199.

200.    Admitted.

201.    Denied.

202.    Admitted.

203.    Admitted.

204.    Admitted.

205.    Admitted.

206.    Admitted.

207.    Third-Party Defendants admit that SHENZHEN FUCANG procures and exports auxiliary screen mounting systems for TRIPLE A and its affiliates. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

208.    Admitted.

**OPERATION OF THE ENTITIES**

209.    Third-Party Defendants admit that FUCANG, R&T BROTHERS, and RONGBANG transfer certain revenue from sales to other entities, but deny that the products at issue are infringing auxiliary screen mounting systems.

210.    Third-Party Defendants admit that SHENZHEN FUCANG procures and exports Accused Products for TRIPLE A. Plaintiffs deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

211.     Third-Party Defendants admit that FUBANG GROUP procures and imports auxiliary screen mounting systems for TRIPLE A. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

212.     Third-Party Defendants admit that FUBANG GROUP distributes the auxiliary screen mounting systems to Amazon inventory. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

213.     Third-Party Defendants admit that TRIPLE A maintains the inventory of the auxiliary screen mounting systems in Amazon Fulfillment Centers and its warehouse. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

214.     Third-Party Defendants admit the allegations in Paragraph 214, except deny the allegation that the auxiliary screen mounting systems at issue were "infringing.".

215.     Third-Party Defendants admit the allegations in Paragraph 215, except deny the allegation that the auxiliary screen mounting systems at issue were "infringing."

**TRANSFERS**

216.     Admitted.

217.     Admitted.

218.     Admitted.

219.     Third-Party Defendants admit that payments from TRIPLE A to FUBANG GROUP to procure and import products are classified as "loan/goods purchase" to ensure that the payments are not reflected as revenue or income in FUBANG GROUP's accounting. Third-Party Defendants deny that any such products are infringing and otherwise deny the remaining allegations in this paragraph.

220. Admitted.

221. Admitted.

222. Third-Party Defendants admit that certain revenue from sales on Amazon seller accounts corresponding to TRIPLE A, FUCANG, R&T BROTHERS, and RONGBANG is transferred to SHENZHEN FUCANG, but deny that any such sales involved infringing products, deny that any transfers were made to intentionally undercapitalize any company, deny that any transfers were made to avoid liability, and deny any remaining allegations in this Paragraph

223. Denied.

<u>COUNT I: INFRINGEMENT OF '762 PATENT, 35 U.S.C. § 271(a)</u>

224. This paragraph contains no new allegation requiring a response. To the extent a response is required, Third-Party Defendants deny that Xebec is entitled to relief on any claim.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

<u>COUNT II: INFRINGEMENT OF '757 PATENT, 35 U.S.C. § 271(a)</u>

232. This paragraph contains no new allegation requiring a response. To the extent a response is required, Third-Party Defendants deny that Xebec is entitled to relief on any claim.

233. Denied.

234. Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

## COUNT III: VIOLATION OF THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT,
### Tex. Bus. & Com. Code §§ 24.001 et seq.

240.    This paragraph contains no new allegation requiring a response. To the extent a response is required, Third-Party Defendants deny that Xebec is entitled to relief on any claim.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

## COUNT IV: PIERCING CORPORATE VEIL AGAINST TOM LI AND CUIWEN JIANG

248.    This paragraph contains no new allegation requiring a response. To the extent a response is required, Third-Party Defendants deny that Xebec is entitled to relief on any claim.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.     Denied.

254.     Denied.

## JURY DEMAND

Third-Party Defendants demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

With respect to Xebec's Prayer for Relief, Third-Party Defendants deny that Xebec is entitled to the judgment and relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Xebec's Amended Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Plaintiffs have not infringed, directly or otherwise, any valid and enforceable claim of the '757 Patent or the '762 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity / Unenforceability)

One or more claims of the '757 Patent and/or the '762 Patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of Title 35, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (No Willfulness / No Enhanced Damages)

Any alleged infringement was not willful. Xebec is not entitled to enhanced damages under 35 U.S.C. § 284.

## FIFTH AFFIRMATIVE DEFENSE
### (No Exceptional Case / Fees and Costs)

This case is not exceptional within the meaning of 35 U.S.C. § 285, and Xebec is not entitled to attorneys' fees or non-taxable costs.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages – 35 U.S.C. § 286)

To the extent Xebec is entitled to any damages (which Plaintiffs deny), such damages are limited by 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark / Lack of Notice – 35 U.S.C. § 287)

Xebec failed to properly mark products practicing the '757 Patent and/or the '762 Patent as required by 35 U.S.C. § 287 and/or failed to provide actual notice. Accordingly, Xebec is barred from recovering pre-notice damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

Xebec is not entitled to injunctive relief because it cannot satisfy the requirements for such relief, including irreparable harm, inadequacy of monetary damages, balance of hardships, and public interest.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver / Equitable Estoppel / Acquiescence)

Xebec's claims are barred, in whole or in part, by waiver, equitable estoppel, and/or acquiescence.

## TENTH AFFIRMATIVE DEFENSE
### (No Fraudulent Transfer / Failure of TUFTA Elements)

Plaintiffs deny that any fraudulent transfer occurred. Xebec cannot establish the elements required for relief under the Texas Uniform Fraudulent Transfer Act, including the existence of a

qualifying "transfer" of an "asset," intent to hinder/delay/defraud, lack of reasonably equivalent value, or insolvency, as applicable.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Good Faith / Reasonably Equivalent Value)**

To the extent any transfer is proven (which Plaintiffs deny), such transfer was made in good faith and for reasonably equivalent value and is not avoidable under TUFTA, and/or any available remedy is limited accordingly.

### TWELFTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Xebec's TUFTA claim is barred, in whole or in part, by the applicable statute of limitations and/or repose periods.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(No Recoverable Injury / No Entitlement to Remedy)**

Xebec cannot show entitlement to the relief sought under TUFTA, including because it cannot show a recoverable injury and/or because the requested remedies exceed those authorized by law or are otherwise unavailable on the facts alleged.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

Xebec's claims for infringement are barred, in whole or in part, by prosecution history estoppel.

Date: March 13, 2026

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010

wei.wang@glacier.law
(212) 729-5073
***Attorney for Third-Party Defendants***

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this March 13, 2026, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

 Date: March 13, 2026                              /s/ Wei Wang
                                                    Wei Wang