IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD. et al., | § | |
| Plaintiffs, | § | |
| v. | § | 1:25-CV-796-RP |
| XEBEC, INC., | § | |
| Defendant. | § | |

**ORDER**

On January 29, 2026, the Court referred claim construction in this case to United States Magistrate Judge Mark Lane for disposition, (Referral Order, Dkt. 152). On March 26, 2026, the Magistrate Judge held a Markman Hearing, (Markman Min. Entry, Dkt. 163), and entered the Claim Construction Order on April 9, 2026, (Claim Constr. Order, Dkt. 164). On April 20, 2026, Plaintiffs Shenzhen Donghongze Trading Co., Ltd., et al. (the "Accused Infringers")[1] filed an objection to the Claim Construction Order,[2] (Accused Infringers' Appeal, Dkt. 165), appealing the Magistrate Judge's construction of four of the ten terms in the Claim Construction Order. Xebec, Inc. ("Xebec") filed a response opposing the Accused Infringers' appeal, (Xebec's Resp. to Appeal, Dkt. 171). Having reviewed the Claim Construction Order, the briefings, and the relevant law, the Court issues the following order.[3]

---

[1] As Plaintiffs Shenzhen Donghongze Trading Co., et al., are the accused infringers rather than the more traditional plaintiff-patentees, the court will refer to them as the Accused Infringers rather than Plaintiffs to avoid confusion.

[2] The Accused Infringers filed their appeal as "objections" to the Claim Construction Order. (Accused Infringers' Appeal, Dkt. 165). Because the Accused Infringers are objecting to a nondispositive claim construction order, the Court instead construes the Accused Infringers' filing as an appeal. *See* W.D. Tex. Loc. R. App'x C, Rule 4(a); *SciCo Tec GmbH v. Boston Scientific Corp.*, 599 F. Supp. 2d 741, 742 (E.D. Tex. 2009) (explaining a Magistrate Judge's claim construction order is a nondispositive pretrial matter).

[3] The patents at issue in this case are U.S. Patent No. 9,395,757 ("the '757 Patent") and U.S. Patent No. 10,809,762 ("the '762 Patent").

## I. LEGAL STANDARD

### A. Review of Nondispositive Order

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *see also* W.D. Tex. Loc. R. App'x C, Rule 4(a). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

## II. DISCUSSION

### A. "[A]uxiliary screen support system" (Term 1 – '757 Patent)

The Accused Infringers contend that the Magistrate Judge erred by construing the term "auxiliary screen support system" with its plain and ordinary meaning rather than giving the term the Accused Infringers' construction.[4] (Accused Infringers' Appeal, Dkt. 165, at 3–8).

The term is in the preamble, and the Magistrate Judge declined to read the preamble term as limiting. (Claim Constr. Order, Dkt. 164, at 7). The Magistrate Judge stated that "[a] preamble that states the purpose and context of the invention is only limiting if, when read in the context of the

[4] Plaintiffs proposed: "An independent support system that is not integrated with the auxiliary screen." (Claim Constr. Order, Dkt. 164, at 7).

entire claim, recites limitations of the claim, or, if the claim preamble is 'necessary to give life, meaning, and vitality' to the claim." (*Id.*) (quotation marks omitted) (quoting *Pitney Bowes, Inc. v. Hewlett-Packard Co.,* 182 F.3d 1298, 1305 (Fed. Cir. 1999)). The preamble "offers no distinct definition of any of the claimed invention's limitations, but rather merely states, for example, the purpose or intended use of the invention." (Claim Constr. Order, Dkt. 164, at 7). Given that the preamble is not limiting, the Magistrate Judge construed the term according to its plain and ordinary meaning. (*Id.*).

If the term is considered limiting, the Accused Infringers argued that "auxiliary screen support system" does not include "auxiliary screens." (Claim Constr. Order, Dkt. 164, at 7–8). In response, the Magistrate Judge held the Accused Infringers' proposed construction is incompatible with Claim 16 of the '757 Patent even if the term is limiting.[5] (*Id.*).

Based on the Court's review of the '757 Patent and given that "claim terms are generally given their plain-and-ordinary meaning" and "particular embodiments . . . will not generally be read into the claims," the Magistrate Judge did not commit clear error or rule contrary to law by giving the terms their plain and ordinary meaning. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc); *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988).

**B. "[M]ounting member" (Term 2 – '757 Patent)**

The Accused Infringers argue the Magistrate Judge incorrectly construed "mounting member" according to its plain an ordinary meaning. (Accused Infringers' Appeal, Dkt. 165, at 8–10). Specifically, they contend that the Court should have applied a means-plus-function analysis to the term "mounting member" because of the phrase "at least one mounting member is configured to bear an auxiliary screen such that the auxiliary screen is hung relative to the computing device in

[5] Claim 16 says: "The system according to claim 1, further comprising an 1 o auxiliary screen having a screen housing having an engagement formation for mounting the auxiliary screen on the mounting member with a fixed angular orientation." (The '757 Patent, Dkt. 1-1, at 13)

use." (*Id.* at 8). The Magistrate Judge declined to apply means-plus-function analysis because "the claims treat 'mounting members' as structure—they are physically arranged, held by the retaining member, and they may be brackets." (*Id.* at 9). Instead, the Magistrate Judge concluded that "[a] POSITA would understand that the term has sufficiently definite structure when read in light of the claim language and specification." (*Id.* at 10).

In their appeal, the Accused Infringers raise three objections to the Magistrate Judge's construction of the term "mounting member." First, the Accused Infringers argue that the Magistrate Judge should have interpreted "mounting member" as a non-structural nonce term under Federal Circuit precedent. (*Id.* at 8). They contend that the Magistrate Judge "conflate[d] positional or relational language—and additional narrowing limitations in dependent claims—with the antecedent question whether the term mounting member,' itself, connotes sufficiently definite structure in the independent claim." (*Id.* at 9). In support of the Magistrate Judge's conclusion, Xebec responds by pointing out that when a "claim recites 'structure, material, or acts in support' of the specified function then Section 112(f) is not invoked." (Xebec's Resp. to Appeal, Dkt. 171, at 10) (quoting 35 U.S.C. §112(f)).

Second, the Accused Infringers highlight that "[t]he claim states the mounting member is configured to bear an auxiliary screen *such that* the auxiliary screen is hung relative to the computing device in use." (Accused Infringers' Appeal, Dkt. 165, at 11) (emphasis in original). They argue if "the claim fails to recite sufficiently definite structure to perform the function and achieve the result specified by the 'such that' clause, the limitation should be treated as a means-plus-function limitation." (*Id.*) (quoting *1 Robert A. Matthews, Jr., Annotated Patent Digest* § 8:14) (internal quotation marks omitted).

Third, the Accused Infringers contend that the Magistrate Judge incorrectly relied on Claims 4 and 5 to determine that "mounting member" conveys sufficiently definite structure in Claim 1.

(Accused Infringers' Appeal, Dkt. 165, at 11). Claims 4 and 5 state that the mounting member "may take the form of a bracket and that the bracket comprises a unitary body of material." (*Id.* at 11) (quoting Claim Constr. Order, Dkt. 164 at 9–10) (quotation marks omitted). The Accused Infringers believe that "the patent had to add further structural limitations in dependent claims because the independent claim did not itself recite them." (*Id.*). Xebec rebuts that the Accused Infringers read the dependent claims incorrectly, and that "[i]n order to agree with [the Accused Infringers], one must agree that a person of ordinary skill in the art would read through the rest of the dependent claims and, despite stating that that the mounting members can be brackets, can have walls, etc., the person would not understand the term 'mounting member' to have a sufficiently definite meaning as the name for structure." (Dkt. 171, at 12).

None of the Accused Infringers' arguments are persuasive. The Accused Infringers do not demonstrate that "mounting member" was a structural term and means-plus-function analysis was clearly required. Thus, the Magistrate Judge did not commit clear error or rule contrary to law by construing "mounting member" according to its plain and ordinary meaning.

### C. "[H]ousing" (Term 6 – '762 Patent)

The Magistrate Judge determined that the Accused Infringers failed to demonstrate why the term "housing" required construction. (Claim Constr. Order, Dkt. 164, at 15). They agreed with Xebec that "the term does not require construction and should be given its plain and ordinary meaning." (*Id.*). The Accused Infringers disagree, arguing "[w]hether labeled 'plain and ordinary meaning' or given a formal construction, the Court should at minimum clarify that 'housing' as used in the '762 Patent encompasses a structure with at least a partially enclosed space." (Accused Infringers' Appeal, Dkt. 165, at 13). In response, Xebec articulates "that there is no reason for the Court to construe this claim in the first place." (Xebec's Resp. to Appeal, Dkt. 171, at 14).

The Magistrate Judge correctly identified that "there is no indication the inventor acted as his own lexicographer in using the term or that he disavowed claim scope relevant to the term." (Claim Constr. Order, Dkt. 164, at 15–16). Under these circumstances, courts need not construe a term. Therefore, the Magistrate Judge's determination that "housing" should be construed according to its plain and ordinary meaning is not clearly erroneous.

**D. "[S]towed position" (Term 10 – '762 Patent)**

The Accused Infringers do not challenge the Magistrate Judge construing "stowed position" according to its plain and ordinary meaning. Instead, they ask this Court to "incorporate its express finding into the construction to prevent relitigation of the issue before the jury." (Accused Infringers' Appeal, Dkt. 165, at 14). Xebec responds that the Accused Infringers' argument fails to demonstrate how the Magistrate Judge's holding was clearly erroneous or contrary to law, as they admit he construed the term correctly. (Xebec's Resp. to Appeal, Dkt. 171, at 15).

This Court agrees with Xebec, as the Accused Infringers do not object to the Magistrate Judge's construction of "stowed position." The Magistrate Judge's construction was not clearly erroneous.

## III. CONCLUSION

Upon its own review, this Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law. The Court therefore **AFFIRMS** the Claim Construction Order, (Claim Constr. Order, Dkt. 164), and **DENIES** Plaintiffs' appeal, (Accused Infringers' Appeal, Dkt. 165).

**SIGNED** on October 22, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE